**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen Hawkins,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-00207-TUC-RCC<br><br>**ORDER** |

On July 10, 2019, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended that this Court deny Petitioner Michael Allen Hawkins' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). (Doc. 28.) Petitioner filed an objection (Doc. 28) and Respondents filed a response (Doc. 31). Upon review, the Court adopts the Magistrate Judge's R&R and denies the § 2254 Habeas Petition.

*I.* ***Report and Recommendation: Standard of Review***

The standard the District Court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Factual and Procedural Background

Petitioner does not dispute the R&R's factual and procedural history, as such the Court adopts the facts as stated in the R&R and will not reiterate them here.

## III. Magistrate Judge's Conclusions

The Magistrate Judge organized Petitioner's numerous arguments into six categories alleging constitutional violations. The first two claims concern (1) a violation of Petitioner's speedy trial rights and (2) alleged coerced testimony. The last four assert various claims of ineffective assistance of counsel.

### a. Speedy Trial Calculation

First, Judge Macdonald found that Petitioner's claim that his Federal constitutional rights were violated when his trial was prolonged past that required under the speedy trial provisions was not properly presented in the State court. This was because his speedy trial argument was never before the state court as a Federal constitutional claim; instead Petitioner asserted that it violated the Arizona state procedural rules. The Magistrate Judge found the claim was technically exhausted and procedurally defaulted.

### b. Coerced Testimony

Second, the judge determined that Petitioner's claim that certain testimony was coerced was expressly denied by the Arizona Court of Appeals as procedurally barred. As such, the Court could not consider this claim. Furthermore, Petitioner presented his claim as newly-discovered evidence, not a constitutional claim. Judge Macdonald noted that a claim may only be heard in federal habeas if the state court was made aware of the constitutional argument. Although Petitioner mentioned the words Due Process, they were raised superficially in the context of his state claim. Moreover, he did not raise the

issue to the Court of Appeals, but simply told the appellate court to look at the argument in his post-conviction petition. His failure to do more than mention the constitution and Due Process issues meant the state courts were not granted the opportunity to fairly review these claims. Like the first claim, the Magistrate Judge found this argument was procedurally barred.

### c. Ineffective Assistance of Counsel: Exculpatory Voicemails

In Plaintiff's first ineffective assistance of counsel claim, he alleges that trial counsel was ineffective for failing to admit and elicit exculpatory voicemail evidence. The Magistrate Judge decided that since Plaintiff had merely referred the state appellate court to his arguments in his filing for post-conviction relief, he had not fairly presented these claims to the state court, and they were technically exhausted and procedurally defaulted.

### d. Ineffective Assistance of Counsel: Juror Misconduct, Prosecutorial Misconduct,

The Magistrate Judge then found that Petitioner's claim that his constitutional rights were violated because of juror misconduct and various instances of prosecutorial misconduct were not viable because Petitioner did not present his argument directly in his § 2254 habeas petition, but rather suggested that the Court peruse his state court documents to find the details of his argument. The Magistrate Judge stated that the District Court has no duty to discover Petitioner's arguments for him. *See Christian Legal Soc. Chapter of Univ. of Cal. V. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (citations omitted) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Moreover, at the state level, Petitioner was also not permitted to incorporate by reference his lower court argument, and because he had done so his juror misconduct claim was not fairly presented to the state court.

### e. Ineffective Assistance of Counsel: Miscellaneous Claims

Finally, Judge Macdonald attempted to make sense of Petitioner's remaining nineteen ineffective assistance of counsel claims and gave Petitioner the benefit of the doubt that these were raised in his Rule 32 petition for post-conviction relief. However, Petitioner's

petition for review to the Arizona Court of Appeals again attempted to incorporate his Rule 32 arguments by reference. So, like the other ineffective assistance of counsel claims, the miscellaneous claims were also technically exhausted and procedurally defaulted.

For each of these claims the Magistrate Judge found Petitioner had not shown cause or prejudice to excuse the defaulted claims.

## IV. Petitioner's Objections

Petitioner's objection to the R&R does not discuss how the Magistrate Judge's conclusions were incorrect. He merely asserts that his claims have some merit and he is unsure what the District Court wants from him to enable the Court to proceed on the merits. He claims he does not understand exhaustion, and he lacks the legal acumen to present his claims sufficiently. However, the objection never challenges the fact that Petitioner's state appeal incorporated by reference his prior arguments.

Petitioner also argues that there was cause and prejudice but provides no reason why his federal claims could not have been presented to the state appellate court other than his ignorance. Instead he reasserts the prejudice he believes he suffered from the various alleged constitutional errors and claims these weighed to his substantial disadvantage.

## V. Standard of Review

For this Court to review Petitioner's habeas petition, he must demonstrate that he has exhausted his state remedies by "fairly presenting" the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991). To "fairly present" an issue, petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (quoting *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986).

Furthermore, Petitioner must illustrate the factual and legal basis for his federal claims within the § 2254 habeas petition, and the District Court is not obliged "to review the entire state record of habeas corpus petitioners to ascertain whether facts exist which support habeas relief." *Adams v. Armontrout,* 897 F.2d 332, 333–34 (8th Cir. 1990); *see*

*also Williams v. Kullman*, 722 F.2d 1048, 1051 (2nd Cir. 1983) ("despite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case"); *Moore v. Swenson,* 361 F. Supp. 1346, 1351 (E.D. Mo. 1973) ("Petitioner must set out his grounds specifically without reference to another lengthy document."); *but see Regains v. Robert*, No. 11 C 5445, 2012 WL 2513935, at *6 (N.D. Ill. June 27, 2012) (allowing review of habeas claim but denying relief when petitioner specifically requested the court incorporate arguments from the state appeal).

In addition, even when raised in the state supreme court, "incorporation by reference" does not exhaust a constitutional claim. *See Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Wood v. Ryan,* 693 F.3d 1104, 1117 (9th Cir. 2012) (Arizona Rule of Criminal Procedure 32.9(c)(1)(iv) prohibits the appeal of an issue if "the issues and material facts supporting a claim" are merely incorporated by reference).

Furthermore, "it is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner" is no excuse for failing to follow procedural rules. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (9th Cir. 1999)); *see also In re Marriage of Williams*, 200 P.3d 1043, 1046 (Ariz. Ct. App. 2008).

## *VI.  Discussion*

Petitioner needed to present reasons why he failed to raise the federal issue at the state court appellate level to demonstrate cause for his failure to present his claims to the highest state court. He has made no such showing. In addition, he acknowledges he incorporated his arguments by reference, but claims he simply does not know how to present these claims effectively.

The Court finds that Petitioner has not demonstrated that the state court determination was contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d); *see also Cullen v. Pinholster,* 563 U.S. 170 (2011).  Neither does his objection raise any

viable argument that the Magistrate Judge's determinations were legally incorrect. Petitioner was required to raise the factual basis for his constitutional claims at the state level prior to bringing them in habeas. *See Baldwin*, 541 U.S. at 33 (2004); *see also Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000). The Court finds Magistrate Judge Macdonald's conclusions well-reasoned and adopts them.

Upon *de novo* review, IT IS ORDERED:

1. Magistrate Judge Macdonald's Report and Recommendation is ADOPTED. (Doc. 28.)
2. Michael Allen Hawkins' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 1.)
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).
4. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 4th day of September, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge